**[This opinion has been published in *Ohio Official Reports* at 77 Ohio St.3d 163.]**

AKRON BAR ASSOCIATION *v*. WILLIAMS.

**[Cite as Akron Bar Assn. v. Williams, 1996-Ohio-327.]**

*Attorneys at law—Misconduct—Public reprimand—Withdrawing from employment without taking reasonable steps to avoid foreseeable prejudice to client and delivering all papers to which client is entitled— Neglect of an entrusted legal matter—Failing in a timely manner to respond to a court order, pay the filing fee, and file the required notice of appeal and appellant's brief.*

(No. 96-1468—Submitted September 10, 1996—Decided December 18, 1996.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 95-76.

_____

{¶ 1} The Akron Bar Association ("relator") filed a complaint on October 10, 1995, charging, *inter alia*, that Brian J. Williams of Akron, Ohio, Attorney Registration No. 0020645 ("respondent"), had violated DR 2-110(A)(2) (withdrawing from employment without taking reasonable steps to avoid foreseeable prejudice to a client and delivering all papers to which the client is entitled) and 6-101(A)(3) (neglect of a legal matter entrusted).

{¶ 2} After respondent filed an answer to the complaint, relator and respondent entered into a stipulation in which respondent agreed that he had violated the above Disciplinary Rules. The matter was considered by a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board") upon the pleadings and agreed stipulations.

{¶ 3} According to the stipulated facts, respondent filed a complaint in April 1992 in the Ohio Court of Claims on behalf of Dethrow Jackson, but did not pay the filing fee as required. In June 1992, the Court of Claims dismissed the

action for failure to pay the fee. After the filing fee was paid and the case reinstated, respondent failed to file a Statement of Existence of Connected Actions as had been ordered by the court in April 1992. Hence the court again dismissed the case in April 1993. Respondent did not appeal this dismissal, but filed a motion for reconsideration. When the court denied the motion to reconsider, respondent filed an appeal from that decision to the court of appeals.

{¶ 4} Seven weeks after the appeal was filed, the court of appeals notified respondent that although the record was filed, respondent had not filed his Brief and Assignments of Error, nor had he requested an extension. Respondent then requested an extension, which was granted. On November 9, 1993, the court of appeals dismissed the appeal for the reason that the appeal was not timely filed. Respondent then refused to deliver Jackson's file to him until Jackson paid the accumulated court costs.

{¶ 5} The panel recommended that the respondent be publicly reprimanded. The board adopted the findings and the recommendation of the panel.

———————————

*R. David Briggs* and *James L. Wagner*, for relator.
*Brian J. Williams, pro se*.

———————————

***Per Curiam.***

{¶ 6} The respondent attorney has admitted to neglect of duty owed to his client by failing in a timely manner to respond to a court order, pay the filing fee, and file the required notice of appeal and appellant's brief. We adopt the findings and recommendation of the board. Respondent is hereby publicly reprimanded. Costs are taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and STRATTON, JJ., concur.

January Term, 1996

_____